IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02420-LTB-BNB

JAMES SABATINO,

Applicant,

v.

BLAKE DAVIS, Warden, USP Florence Max, ADX

Respondent.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the amended **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Doc. #3] (the "Application"), filed by James Sabatino (the "petitioner") on November 4, 2009.[1] An Order to Show Cause why the application should not be granted was entered on December 10, 2009 [Doc. #11]. The respondent filed a "Response to Order to Show Cause" on January 11, 2010 [Doc. #14] (the "Response"). The petitioner filed a Reply to Respondent's Response to Order to Show Cause on January 28, 2010 [Doc. #19] (the "Reply"). For the following reasons, I respectfully RECOMMEND that the Order to Show Cause be DISCHARGED and the Application be DENIED.

**I. BACKGROUND**

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however,

_____

[1] The petitioner filed his initial application on October 13, 2009 [Doc. #1]. He attached the initial application to his amended application.

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The petitioner is currently incarcerated by the Federal Bureau of Prisons ("BOP"). While confined at the United States Penitentiary in Marion, Illinois ("USP Marion"), the petitioner received two incident reports. Incident Report Number 1802761 charged the petitioner with a violation of Code #224, "Assaulting Any Person." *Application*, p. 15.[2] The incident report states:

> On November 20, 2008 at approximately 4:45 p.m. I was assisting staff to place inmate Sabatino, James #30906-004 in hard ambulatory restraints due to his disruptive actions. Inmate Sabatino continued to resist and was placed on his knees on the floor. Sabatino then went face down to the floor and continued to resist. Sabatino turned his head toward me and bit me on my right thigh.

Id.

Incident Report Number 1802762 charged the petitioner with a violation of Code #224, "Assaulting Any Person (Attempted)" as follows:

> On [November 20, 2008], at approximately 4:05 pm I responded to a radio announcement of an unresponsive inmate. I proceeded to I Unit, 02 range, cell 15, where inmate Sabatino, James #30906-004, was lying face down between the toilet and bunk. While attempting to restrain inmate Sabatino, he grabbed my right hand and tried to bite the base of my left thumb. I immediately jerked my arm away from his mouth. Inmate Sabatino continued resisting by kicking and jerking away from attempts to restrain him. During this time I suffered injuries to my left forearm and upper arm, as well as my right upper arm.

Id. at p. 16.

---

[2] I cite to the page numbers of the Application and its attachments as they are assigned by the court's docketing system.

On November 21, 2008, the petitioner received notice of the charges and was interviewed by an investigator. Id. at pp. 15, 16; *Response*, Ex. A-1, ¶ 6; Doc. #14-3, pp. 9-10; Doc. #14-4, pp. 9-10. The investigating lieutenant referred the matters to the Unit Disciplinary Committee. *Response*, Ex. A-1, ¶ 6; Doc. #14-3, p. 10; Doc. #14-4, p. 10. Based on the content of the incident reports, the lieutenant's findings, and the recommendation for sanctions greater than the Unit Disciplinary Committee could impose, the matters were referred to the Disciplinary Hearing Officer for processing. Id. at Ex. A-1, ¶ 6; Doc. #14-3, p. 9; Doc. #14-4, p. 9.

On November 25, 2008, the petitioner was given copies of papers titled "Notice of Disciplinary Hearing Before the DHO" and "Inmate Rights at Disciplinary Hearing." Id. at Doc. #14-3, pp. 12-13 and Doc. #14-4, pp. 12-13. The petitioner requested the presence of a staff representative, Dr. M. Patterson, at the disciplinary hearings. Id. at Ex. A-1, ¶ 6; Doc. #14-3, p. 12; Doc. #14-4, p. 12. He indicated that he did not wish to have witnesses present at the hearings. Id.

The Warden of USP Marion issued to Dr. Patterson papers titled "Duties of Staff Representative." Id. at Doc. #14-3, p. 11; Doc. #14-4, p. 11. Dr. Patterson signed the papers on November 25, 2008, and acknowledged that she had read them and agreed to serve as the petitioner's staff representative. Id. The duties of a staff representative include presenting evidence favorable to the inmate's defense and presenting "information which may assist the DHO and which may obtain a lesser sanction for the inmate." Id. at ¶ (5).

The disciplinary hearings were conducted at USP Marion on December 22, 2008. Id. at Ex. A-1, ¶ 7; Doc. #14-3, pp. 2-4; Doc. #14-4, pp. 2-4. The Disciplinary Hearing Officer ("DHO") found the petitioner guilty of the charges and sanctioned him to 27 days disallowance

of Good Conduct Time; 30 Days Disciplinary Segregation; and 30 days forfeiture of Non-Vested Good Conduct Time for each charge. Id. at Ex. A-1, ¶ 7; Doc. #14-3, pp. 2-3; Doc. #14-4, pp. 2-3. The DHO's reports indicate that Dr. Patterson appeared at the hearings; the petitioner waived his right to appear at the hearings, and the petitioner did not submit a written statement. Id. at Ex. A-1, ¶ 7; Doc. #14-3, pp. 2,7; Doc. #14-4, pp. 2, 7.

The petitioner appealed the DHO's decisions to the Office of the Regional Director. Id. at Ex. A-1, ¶ 8; Doc. #14-5, p. 13; Doc. #14-8, p. 2; *Application*, p. 29. He stated that the DHO's reports were inaccurate because (1) they stated that the petitioner's staff representative was present at the hearings, but the petitioner had spoken to the representative and she said she was not present; and (2) they stated that the petitioner admitted to the charges when in fact he waived his right to appear at the hearings because his representative was supposed to be present for him. *Response*, Doc. #14-7, p. 2; Doc. #14-8, p. 2.

On February 3, 2009, the petitioner was transferred from USP Marion to the United States Prison, Administrative Maximum in Florence, Colorado ("ADX"). *Application*, p. 8.

The Regional Director returned the incident reports to the DHO for reconsideration. *Response*, Ex. A-1, ¶ 8; Doc. #14-7, pp. 4-5; Doc. #14-8, pp.4-5. In a memorandum addressed to the ADX Warden, the Regional Director stated:

> While reviewing the inmate's appeal, it was discovered the inmate's staff representative did not attend the hearing. Although the inmate waived his right to appear at the hearing, he still has the right to have his staff representative present for the hearing. The incident report packet does not contain documentation that the inmate waived his right to staff representation. To ensure compliance with Program Statement 5270.07, Inmate Discipline and Special Housing Units, we are returning the incident report(s) to the DHO for a rehearing. The DHO should ensure the inmate is afforded his due process rights.

4


Id. at Doc. #14-7, p. 4; Doc. #14-8, p. 4.

DHO Giovanni Ramirez conducted rehearings at ADX on March 18, 2009. Id. at Ex. A-1, ¶ 9; Doc. #14-5, pp. 2-5; Doc. #14-6, pp. 2-5.[3] The petitioner was advised of his right to have staff representation and to call witnesses, and he elected to have neither. Id. at Ex. A-1, ¶ 9. He did not provide any evidence on his behalf. Id. He indicated that he understood his due process rights and that he was prepared to proceed with the hearing. Id. DHO Rameriz noted that the incident reports were delivered to the petitioner 24 hours prior to the hearing. Id.

The petitioner stated that the reports were true, but he believed the sanctions were too harsh. Id. at ¶ 9. DHO Rameriz found the petitioner guilty of the charges. Id. at ¶ 10. Rameriz upheld the previous sanctions with credit given for disciplinary segregation time already served. Id. Rameriz believes that the previous sanctions were consistent with the seriousness of the charges. Id. The sanctions were within the permissible range of sanctions for the type of misconduct committed by the petitioner. Id.

The petitioner appealed Rameriz's decisions at both the regional and national levels. *Application*, pp. 34-35, 40-41. His appeals were denied. Id. at pp. 37-38, 43-44.

The petitioner asserts two claims. In Claim One, he alleges that the DHO's conduct with regard to the initial disciplinary hearings was outrageous and, therefore, the charges against him should have been expunged and the sanctions should have been vacated. Id. at p. 3. In Claim

---

[3]The parties provide only the DHO Report for the rehearing on Incident Report Number 1802762. However, it is clear from the record that a rehearing was held on both Incident Report Number 1802762 and Incident Report Number 1802761. DHO Ramirez attests that he conducted a rehearing on both incident reports. *Response*, Ex. A-1, ¶ 9. In addition, the plaintiff appealed to the regional and national levels the Ramirez's decisions regarding both incident reports, *Application*, pp. 34-35, 40-41, and he received responses from the regional and national offices regarding each decision. Id. at pp. 37-38, 43-44.

5

Two, the petitioner alleges that DHO Rameriz told the petitioner that he was bound by the previous DHO's sanctions.  Id.  The petitioner states that because the initial DHO "comitted [sic] such a grievious [sic] intentional error that to subject me to the previous sentence would in effect invalidate the remand . . ."  Id.  The petitioner claims that his due process rights have been violated.  *Reply*, pp. 7-8.  He requests that the court expunge the incident reports and restore his good time credits.  *Application*, p. 5.

## II. ANALYSIS

Due process in a prisoner disciplinary proceeding is satisfied if the prisoner receives:

> (1) "written notice of the charges" against him at least twenty-four hours before the hearing; (2) the opportunity "to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; and (3) a "written statement of the factfinders as to the evidence relied on and the reason for the disciplinary action" taken.

Smith v. Maschner, 899 F.2d 940, 946 (10th Cir. 1990) (quoting Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974)).  "Additionally, in order to comport with due process, there must be some evidence to support the hearing panel's decision . . ., and the decisionmaker must be impartial." Gwinn v. Awmiller, 354 F.3d 1211, 1219 (10th Cir. 2004) (citing Wolff, 418 U.S. at 592).

Claim One alleges that the DHO's conduct with regard to the initial disciplinary hearings was outrageous and, therefore, the charges against the petitioner should have been expunged and the sanctions should have been vacated.  It is undisputed that the initial disciplinary hearings did not satisfy due process.  It is also undisputed that the petitioner received new hearings on both of the incident reports because of the lack of due process.  Had the BOP not provided the petitioner with rehearings, the most relief he could have received in this court would have been an order

requiring the respondent to vacate the sanctions unless new hearings were held within a date certain. The BOP's grant of rehearings afforded the petitioner all of the relief he could have received in this court. Therefore, the allegations of Claim One regarding the initial hearings have been rendered moot. See Hayes v. Evans, 70 F.3d 85, 86 (10th Cir. 1995) (holding that the petitioner's federal habeas application was rendered moot because the state court reversed and remanded for new trial petitioner's initial conviction before federal district court reached the merits of petitioner's habeas petition, thus providing petitioner with all the relief the federal court could have provided).

Claim Two alleges that DHO Rameriz violated the petitioner's due process rights when he upheld the sanctions imposed by the previous DHO. "[I]n ascertaining whether a factfinder's decision in a prison disciplinary hearing is sufficiently supported by the evidence, a reviewing court need not undertake an examination of the entire record, independent assessment of witnesses' credibility or weighing of the evidence. Instead, the relevant question is whether there is any evidence that could support the conclusion reached by the disciplinary board." Gwinn, 354 F.3d at 1219.

DHO Rameriz conducted new hearings and again found the petitioner guilty of both charges. Rameriz attests, and the petitioner does not dispute, that the petitioner did not present any witnesses or evidence on his behalf and that the petitioner admitted that the incident reports were true. *Response*, Ex. A-1, ¶ 9. Indeed, the plaintiff admits that at the rehearing "guilt was not a [sic] issue, the only matter was the petitioner's sentence/sanctions." *Application*, p. 9, ¶ 11.

Rameriz upheld the previous sanctions with credit given for disciplinary segregation time already served. The petitioner complains that "Rameriz stated that he could not hear any

mitigating arguements [sic] as he was bound by BOP policy to impose the original sanctions." *Application*, p. 9, ¶ 11. The petitioner argues that Rameriz should not have been bound by sanctions imposed at the initial (and constitutionally flawed) hearings and that the petitioner should have been able to present evidence to mitigate the sanctions. Id. at pp. 9-12.

The petitioner does not describe the mitigating evidence he intended to present, nor does he explain how it would have served to mitigate his sentence. In his Reply brief, the petitioner asserts that Dr. Patterson was "uniquely familiar with the facts of the case" and with his "mental health and a [sic] internal investigation of staff abusing/assaulting the petitioner." *Reply*, p. 5. He argues that he was not permitted to designate Dr. Patterson as a staff representative at the rehearings because "by that time he was transferred to ADX" and "[b]y denying the petitioner that specific staff rep. they denied him the right to due process." Id.

Due process requires that an inmate be provided the opportunity to call witnesses and present documentary evidence in his defense, when permitting him to do so is not unduly hazardous to institutional safety or correctional goals. The petitioner does not dispute that he was advised of his right to have staff representation and witnesses at the rehearings; he elected not to have staff representation; he did not call any witnesses; and he did not provide any evidence on his behalf. The record does not contain any argument or evidence that the BOP denied the petitioner an opportunity to present at the rehearings evidence of his mental condition and/or staff abuse (*i.e.*, written statements or other evidence obtained from Dr. Patterson).[4] I also note that the petitioner does not identify any particular statements or evidence that Dr. Patterson

---

[4]By separate motion [Doc. #12], the petitioner sought leave to submit 12 questions to Dr. Patterson. However, the questions posed by the petitioner are not relevant to the issue of whether he was provided due process protections at the rehearings.

would have provided, nor does he explain how such statements or evidence would have assisted him in his defense or in mitigating the sanctions.

It is undisputed that the sanctions imposed by Rameriz were within the permissible range of sanctions for the type of misconduct committed by the petitioner. Moreover, Rameriz attests that he believes that the previous sanctions were consistent with the seriousness of the charges.

The record does not contain any evidence that DHO Rameriz failed to provide the petitioner with the minimum procedural protections required under Wolff. Accordingly, the Application should be denied.

### III.  CONCLUSION

I respectfully RECOMMEND that the Order to Show Cause be DISCHARGED and the Application be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 23, 2010.

BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge